See also D.C., 290 F.Supp. 755.

**Margarethe MARTH and Rosemarie Lippmann, Plaintiffs,**

**v.**

**INDUSTRIAL INCOMES INCORPORATED OF NORTH AMERICA, United States Trust Fund Management Corp., Industrial Growth Fund of North America, Peter M. Bekeny and Ilona M. Bekeny, Defendants.**

No. 67 Civ. 1317.

United States District Court
S. D. New York.

June 13, 1967.

Windels, Merritt & Ingraham, New York City, for plaintiffs. Charles M. Taylor, New York City, of counsel.

Wofsey, Certilman & Haft, New York City, for defendants Industrial Incomes Incorporated of North America, United States Trust Fund Management Corporation, Peter H. Bekeny and Ilona M. Bekeny. Harvey M. Sklaver and Allan Salovin, New York City, of counsel.

WYATT, District Judge.

This is a motion by defendants (other than Industrial Growth Fund of North America) for the following relief

    a. for summary judgment in their favor (Fed.R.Civ.P. 56), or, in the alternative,

    b. for a stay of the prosecution of the action pending arbitration, and

    c. for a vacatur of a warrant of attachment ordered to be issued by Judge Herlands on April 3, 1967, or in the alternative,

    d. increasing the amount of the undertaking on the attachment to $50,000 from the $5,000 as ordered by Judge Herlands, and

    e. requiring plaintiffs to post security for costs.

The action was commenced on April 3, 1967.

The complaint has two claims, the first under federal law and the second under state law. The averments of the two claims are the same and for present purposes the second may be disregarded.

Plaintiffs aver that they are citizens of West Germany and reside in Hamburg. It appears that plaintiffs are mother and daughter, plaintiff Marth being mother of plaintiff Lippmann.

The complaint sets out the following as averments.

Defendant Industrial Incomes Incorporated of North America (Industrial) is a New York corporation engaged, among other things, in underwriting and distributing securities.

Defendant United States Trust Fund Management Corporation (Trust) is a Panama corporation, with offices in New York, and manages mutual fund portfolios. It is a wholly owned subsidiary of Industrial.

Defendant Industrial Growth Fund of North America (Growth) is a Delaware corporation, authorized to do business in New York, organized as an open-end mutual fund, and managed by Industrial.

Defendant Peter M. Bekeny (Peter), who "resides" in New York, is president and principal stockholder of Industrial, Trust and Growth.

Defendant Ilona M. Bekeny (Ilona), who is wife of Peter and "resides" in New York, is an officer of Industrial, Trust, and Growth.

About June 28, 1964, plaintiff bought 5,000 shares of Industrial for the equivalent of $50,000 (apparently plaintiffs mean that they paid in German currency). It is not averred from whom the shares were purchased but it is stated that defendants used the mails, etc. in selling and delivering the shares.

In connection with offers to sell and sales of the Industrial shares, it is

averred that defendants delivered to plaintiffs a number of writings and told to plaintiffs a number of things which were false and misleading and omitted to disclose material facts which omissions in context were false and misleading. Plaintiffs say that defendants knew that their representations and omissions were false and misleading and they say that they (the plaintiffs) relied upon the representations of defendants and were thereby induced to buy the 5,000 shares of Industrial.

Plaintiffs tender to defendants the 5,000 Industrial shares and demand judgment for their purchase price, $50,000.

The Securities Exchange Act of 1934 (15 U.S.C. § 78a and following; the "1934 Act") forbids the use, in connection with the sale of any security by use of the mails, etc., of "any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe * * *" (15 U.S.C. § 78j(b)). The Commission has prescribed Rule 10b–5 which brings under the 1934 Act the anti-fraud provisions of the Securities Act of 1933 (15 U.S.C. § 77a and following).

The complaint charges a violation by defendants of Rule 10b–5. There is no doubt but that a private right of action for damages exists for a violation of Rule 10b–5. 3 Loss, Securities Regulation (2d ed.) 1763 and following.

No answer has been filed by any defendant. The order to show cause obtained by the moving defendants to bring on this motion included an extension of their time to answer until 10 days after disposition of this motion. Whether Growth is in default does not appear. We are told in the moving affidavit that Growth no longer has any "connection with any of the other defendants".

On the day the complaint was filed, Judge Herlands made an order directing issuance of a warrant of attachment against the property of all the defendants, up to $50,000. An undertaking in the amount of $5,000 was required of plaintiffs and this has been filed. New York CPLR § 6201 authorizes an order of attachment under the specific conditions there set out. It is not clear from the affidavit in support of the application for an order of attachment just which conditions were invoked but it is clear that the following were satisfied: (a) certain defendants are foreign corporations, (b) the action is for fraud, and (c) defendants were shown to be about to remove property from the State. Fed.R.Civ.P. 64 makes applicable to civil actions in this Court remedies under state law for seizure of property during pendency of the action.

### A.

The basis for the motion for summary judgment appears to be that by an agreement dated November 6, 1965, plaintiffs settled and gave up the claims now asserted in the case at bar.

In connection with this motion for summary judgment, there was a violation by counsel for plaintiffs of General Rule 9(g) of this Court in that there was no "separate short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried".

It appears without dispute that Industrial was registered with the SEC as a broker and dealer under the 1934 Act (15 U.S.C. § 78o(b)); that about August 6, 1965, the SEC by order permitted the withdrawal of Industrial's registration; that the SEC permission was induced by representations of Industrial and Peter that "they have determined to conduct all of their business activities in territorial areas outside the United States"; that thereafter and in line with such representations notice was given to stockholders of Industrial of a special meeting to be held October 19, 1965; that at the time plaintiffs owned 5,000 shares of non-voting Common Participation Stock of Industrial out of 56,576 such shares outstanding and Pe-

ter owned 10,000 shares of voting Common Stock or all of such shares outstanding; that the purpose of the special meeting was to authorize transfer of the assets of Industrial to its Panama subsidiary Trust (named at one time "Industrial Incomes Incorporated Overseas"); that after receiving notices of the special meeting, plaintiffs consulted New York counsel and plaintiff Lippmann came here; that plaintiffs questioned the proposed transfer, if they did not in fact object to it; that counsel for plaintiffs informed counsel for Industrial and Bekeny that plaintiffs intended to institute a civil action and submitted a proposed complaint; that there were then protracted conferences; and that out of such conferences came the November 6, 1965 agreement.

The provisions of this agreement are determinative of the motion.

The agreement is between plaintiffs and Peter. None of the corporate defendants executed the agreement and the suggestion for defendants that "Bekeny" included some of the other defendants cannot be accepted; the language makes it clear that only Peter as an individual was a party to the agreement. Ilona was not a party to the agreement. Thus, at best, only Peter may rely on the November 6, 1965 agreement for summary judgment.

It seems entirely clear that there is nothing in the agreement which gives up, on the undisputed facts to date, any claims of plaintiffs against anybody.

The significant parts of the agreement in this connection are these:

(1) Peter agreed to buy 3,000 shares of Industrial stock from plaintiffs at $8.50 per share, he being obligated to purchase and pay for 1,000 shares by December 1 in each of the years 1966, 1967, and 1968 (para 1);

(2) plaintiffs were given the right to "terminate" the agreement by notice at any time (para 9(a));

(3) upon the "completion" of the agreement or its "termination" by plaintiffs, no further claim could be made by plaintiffs against Peter or Trust on account of the purchase by plaintiffs of their shares and plaintiffs "will deliver a general release to Bekeny" (para 9(b)); and

(4) upon the "faithful performance and completion of this agreement by Bekeny" or "termination" by plaintiffs, "*then* the parties are hereby released" of all claims each against the other (para 11(c); emphasis supplied).

Peter did not buy and pay for 1,000 Industrial shares of plaintiffs by December 1, 1966. It is said that he has "numerous defenses" for this failure but it is of no difference on this motion whether he has defenses or not.

Plaintiffs have not "terminated" the November 6, 1965 agreement.

■ Thus, under the terms of that agreement plaintiffs have given up no claims arising out of their purchase of Industrial shares. There has been no "completion" of the agreement (para 9(b)), no "termination" of the agreement (paras 9(b) and 11(c)), and no "faithful performance and completion" of the agreement by Peter (para 11(c)).

The motion by defendants for summary judgment is wholly without merit and is denied.

### B.

■ The motion by defendants for a stay pending arbitration is likewise without merit and is denied. Plaintiffs' claims in the case at bar do not "arise out of this agreement" (para 14, agreement of November 6, 1965) and are not subject to arbitration.

### C.

■ The motion for a vacatur of the warrant of attachment must, for the reasons already indicated, be denied. There are no facts given to controvert the averments of the complaint and the November 6, 1965 agreement is irrelevant.

### D.

■ The motion to increase the amount of the undertaking by plaintiffs on attachment and to require them to post security for costs is in the exercise of discretion denied.

The motion by defendants is in all respects denied.

SO ORDERED.